1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

JOSHUA J. FLORES,

                Plaintiff,

    v.

MESA AIRLINES, INC.,

                Defendant.

Case No. 2:20-cv-01121-KJD-DJA

**ORDER**

This matter is before the Court on Plaintiff's Second Motion/Application to Proceed *In Forma Pauperis* (ECF No. 4), filed on July 6, 2020.  The Court found Plaintiff's First Motion/Application incomplete and ordered him to file a new one by July 6, 2020.

Plaintiff filed the affidavit required by § 1915(a).  (ECF No. 4).  Plaintiff has shown an inability to prepay fees and costs or give security for them.  Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a).  The Clerk's Office is further **INSTRUCTED** to file the complaint (ECF No. 1-1) on the docket.  The Court will now review Plaintiff's complaint (ECF No. 1-1).

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

1          Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint

2 for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is

3 essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th

4 Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim

5 showing that the pleader is entitled to relief.  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*,

6 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands

7 "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."

8 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

9 The court must accept as true all well-pled factual allegations contained in the complaint, but the

10 same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the

11 elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678.

12 Secondly, where the claims in the complaint have not crossed the line from conceivable to

13 plausible, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.  Allegations of a *pro se*

14 complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v.*

15 *Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings

16 is required after *Twombly* and *Iqbal*).

17          Federal courts are courts of limited jurisdiction and possess only that power authorized by

18 the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Pursuant to 28 U.S.C.

19 § 1331, federal courts have original jurisdiction over "all civil actions arising under the

20 Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when

21 federal law creates the cause of action or where the vindication of a right under state law

22 necessarily turns on the construction of federal law.  *Republican Party of Guam v. Gutierrez*, 277

23 F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the

24 "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a

25 federal question is presented on the face of the plaintiff's properly pleaded complaint."

26 *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  In this case, Plaintiff's claim under the

27 Federal Arbitration Act invokes the Court's federal jurisdiction.

28

Having determined that federal-question jurisdiction exists under the well-pleaded complaint rule, the Court now turns to the sufficiency of the factual allegations to state a claim. Plaintiff claims that an arbitration award was issued on September 20, 2019, which he seeks to vacate.  It is not clear that Plaintiff's claim is timely and it is not apparent on what basis he is asserting the award should be vacated under the FAA.  As such, the complaint does not state a claim for which relief can be granted.  Although it is not clear that the deficiencies identified can be cured, the Court will allow Plaintiff an opportunity to file an amended complaint to the extent he believes that he can state a claim.

Based on the foregoing and good cause appearing therefore,

**IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.  Plaintiff shall not be required to pre-pay the filing fee of four hundred dollars ($400.00). Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

2. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint (ECF No. 1-1) on the docket.

3. The complaint is **DISMISSED WITHOUT PREJUDICE** providing Plaintiff with leave to amend.  Plaintiff will have until **August 13, 2020** to file an amended complaint, if the noted deficiencies can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading.   Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an

original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4. **Failure to comply with this order will result in the recommended dismissal of this case.**

DATED: July 16, 2020.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE